| | |
|---|---|
| LAWANDA YORK, <br><br> Plaintiff, <br><br> v. <br><br> JOHN MCHUGH, Secretary of the Army, *et al.*, <br><br> Defendants. | Civil Action No. 09–075 (CKK) |

**MEMORANDUM OPINION**[1]
(March 22, 2010)

Plaintiff Lawanda York brings this action for an alleged violation of the Privacy Act (the "Act"), 5 U.S.C. § 552a, by Defendant U.S. Army Reserve ("USAR" or "Defendant").[2] Specifically, York alleges that records containing personal medical information were improperly disclosed through a shared network drive accessible to all employees in violation of the Act's consent requirements, *see* 5 U.S.C. § 552a(b). Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that the records were not within a "system of records" protected by the Act, that York has failed to allege an actual disclosure, and that her alleged injuries were not caused by any such disclosure. Alternatively, Defendant moves for summary judgment. However, the

---

[1] Pursuant to Rule 25(d), John McHugh has been substituted for Francis J. Harvey as a defendant in this action.

[2] Although York has named the Secretary of the Army as a defendant in the caption of her Complaint, her Complaint and her subsequent filings refer to the U.S. Army Reserve as the only defendant in this action. Because the Privacy Act provides a cause of action only against an agency, *see* 5 U.S.C. § 552a(g)(1), the Court shall treat the U.S. Army Reserve as the sole defendant in this action.

parties have not yet engaged in discovery, and York has filed a motion to obtain discovery in support of her claim pursuant to Rule 56(f). Because the Court finds that York has stated a claim for relief in her Complaint and that discovery will assist York with her claim, the Court shall DENY Defendant's [6] Motion to Dismiss, DENY WITHOUT PREJUDICE Defendant's [6] Alternative Motion for Summary Judgment, and GRANT Plaintiff's [11] Motion for Discovery Pursuant to Rule 56(f).

## I. BACKGROUND

The following facts are drawn from the allegations in the Complaint and any exhibits attached thereto.[3] At all times relevant to the Complaint, Plaintiff Lawanda York worked as a Public Affairs Specialist in the Office of the Chief, Army Reserve. *See* Compl., Ex. 4 (3/15/2007 email from York to LTC Gerard Healy et al.). On August 31, 2006, York had a meeting with the Director of Army Reserve Communications, Colonel Dorothy Perkins, and a personnel manager named Sheila Bailey. *See* Compl., Ex. 1 (9/1/2006 Memorandum for Record). The meeting was held in response to York's indication to her supervisor that she was having suicidal thoughts as a result of the pressure being put on her in the workplace. *Id.* The details of this meeting were memorialized by Col. Perkins in a "Memorandum for Record" dated September 1, 2006. *See id.* The Memorandum for Record contained statements made by York about her medical treatment, and Col. Perkins wrote that "[t]his is viewed as a very serious - and potentially life-threatening - situation and will be dealt with as such." *Id.*

---

[3] Because the Court does not reach Defendant's Alternative Motion for Summary Judgment, the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

On March 14, 2007, York discovered that the Memorandum for Record created by Col. Perkins, as well as other records pertaining to York's medical condition, had been placed on a shared network drive at her workplace that was accessible to all employees at the agency. Compl. ¶¶ 7-11. York alleges that "[e]very employee with access to a computer can access the files placed on the shared drive. Thousands of employees are employed by the Army and thus could have seen Mrs. York's confidential information and information concerning her medical condition." *Id.* ¶ 11. York had one of her colleagues confirm that she could access the records pertaining to York. *Id.* ¶ 12 & Ex. 3 (3/14/2007 Memorandum for Record) ¶ 6. Immediately after York discovered that her medical condition had been disclosed, she left work and became physically ill, even vomiting. *Id.* ¶¶ 13-14. York called her therapist, who was concerned that the improper disclosure would bring about suicidal thoughts. *Id.* ¶ 16. York missed time from work and was given medication. *Id.* On March 15, 2007, York sent an email to LTC Gerard Healy and LTC Rudolph Burwell asking that the files be removed from the shared drive immediately. *Id.* ¶ 17 & Ex. 4 (3/15/2007 email from York to LTC Gerard Healy et al.).

## II. LEGAL STANDARD

Defendant has moved for dismissal of Schmidt's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and has also moved in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56.

### A. *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

In evaluating a motion to dismiss under Rule 12(b)(6), the Court is limited to considering

4

the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

      B.      *Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56*

Pursuant to Federal Rule of Civil Procedure 56, a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, the moving party bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

Although a court should draw all inferences from the supporting records submitted by the

nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at 251 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted). "Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

### III. DISCUSSION

 *A.* *The Privacy Act*

 The Privacy Act of 1974 "safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records."

6

*Bartel v. FAA*, 725 F.2d 1403, 1407 (D.C. Cir. 1984). The Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b). The Act provides exceptions for disclosure to employees who have a need for the record in the performance of their duties, records that must be disclosed under the Freedom of Information Act, 5 U.S.C. § 552, and various other situations not applicable here. *See* 5 U.S.C. § 552a(b)(1)-(12). The Act defines a "record" as

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

*Id.* § 552a(a)(4). The Act defines a "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." *Id.* § 552a(a)(5). The fact that records are *capable* of being retrieved by name or other personal identifier is not sufficient to transform a group of records into a "system of records"; there must be evidence that an agency *in practice* retrieves information about individuals by reference to their names or other identifiers. *Henke v. U.S. Dep't of Commerce*, 83 F.3d 1453, 1460-61 (D.C. Cir. 1996).

The Privacy Act recognizes a civil action for an agency's failure to comply with any of its provisions when the agency's failure has an "adverse effect on an individual." *See* 5 U.S.C. § 552a(g)(1)(D); *Doe v. Chao*, 540 U.S. 614, 619 (2004) (describing the Act's "catchall" remedy

7

for any violation having an adverse effect). The Act provides that in suits brought under this provision, if

> the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of–
> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
>
> (B) the costs of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a(g)(4). The Supreme Court has clarified that the statutory damage award of $1000 is available only to plaintiffs who can establish actual damages. *See Doe v. Chao*, 540 U.S. at 627. A plaintiff pursuing a claim for improper disclosure must show that (1) the disclosed information is a "record" within a "system of records,"; (2) the agency improperly disclosed the information; (3) the disclosure was willful or intentional; and (4) the disclosure adversely affected the plaintiff, causing actual damages. *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 238 (D.D.C. 2005).

    B.    *Motion to Dismiss Under Rule 12(b)(6)*

Defendant moves to dismiss York's Complaint on several grounds. First, Defendant argues that the records allegedly disclosed are not "contained in a system of records" and thus not protected from disclosure under the Act. To determine whether or not a group of records qualifies as a "system of records," the Court must determine if there is any evidence that the agency in practice retrieves information about individuals by reference to their names or other personal identifier. *Henke v. U.S. Dep't of Commerce*, 83 F.3d at 1461. Although York has attached some exhibits to her Complaint that would aid the Court in determining whether or not

the files placed on the shared network drive were "contained in a system of records," the Court finds that this issue cannot be resolved without resorting to matters outside the pleadings. Therefore, this issue must be resolved in the context of a motion for summary judgment under Rule 56 rather than a motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (holding that plaintiff in Privacy Act case need not identify what records are disclosed at the pleading stage).

Defendant's second argument in favor of dismissal is that York has failed to allege in her Complaint that there was an actual disclosure of the records by Defendant. Defendant argues that York alleges only that other USAR employees "could have seen" York's records on the shared drive. *See* Def.'s Mem. at 9 (citing Compl. ¶ 11). However, paragraph 20 of York's Complaint alleges that "[i]n violation of the Privacy Act, Defendant through Defendant Managers, revealed the contents of those records to other of Defendant's employees who had no reason to know such information." Compl. ¶ 20. This is a sufficient allegation of an actual disclosure to survive a motion to dismiss.

Defendant's third argument is that York's alleged damages do not stem from any actual disclosure. Defendant claims that York has only alleged damages that she suffered after discovering that her records were accessible on the shared drive, which is not the same as damages from an actual disclosure. However, the allegations in York's Complaint are not so limited. *See* Compl. ¶¶ 21-22 ("The wrongful disclosure by the Defendant humiliated and embarrassed Ms. York, caused her great emotional distress, sleeplessness, tension and depression

9

and damaged her professional reputation . . . . Plaintiff suffered the physical, psychic, and monetary injury . . . because of Defendant's improper disclosure of records.") Moreover, the Court does not agree with Defendant's narrow theory of causation. The fact that York may not have learned of any possible disclosures until the day she discovered her files were on the shared drive does not prohibit her from recovering for any adverse effect caused by a disclosure. Therefore, the Court finds that York's Complaint cannot be dismissed on this basis.

Finally, Defendant contends that York does not state a claim for an intentional or willful violation of the Act. The parties have not addressed in their briefs the legal question of whether intent or willfulness must be pled in the Complaint or merely proven at trial. *Cf. Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002) (explaining that in employment discrimination cases under Title VII, plaintiffs need not plead every element of a prima facie case of discrimination). Regardless, however, York has specifically alleged that Defendant "willfully or intentionally disclosed [her] personal medical information by placing it on the shared drive." *See* Compl. ¶ 18. York has therefore met her burden of pleading a claim under the Privacy Act, and the Court shall deny Defendant's Motion to Dismiss.

C.   *Motion for Summary Judgment*

Defendant has alternatively moved for summary judgment on the same grounds as its motion to dismiss. Based on declarations attached to its motion, Defendant argues that the record clearly shows that the files allegedly disclosed did not come from a "system of records," that there is no evidence of an actual disclosure causing damages, and that there is no evidence of intent or willfulness on the part of USAR employees. York opposes this motion and has filed an opposition with her own declaration in support. In addition, because Defendant's motion was

10

filed before discovery, York has also filed a motion for discovery pursuant to Rule 56(f). Rule 56(f) states that "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). York's counsel has provided a declaration asserting that discovery is necessary in order to obtain evidence regarding the nature of the records, their disclosure, and intent or willfulness by Defendant's employees.

A party opposing summary judgment needs a "reasonable opportunity" to complete discovery before responding to a summary judgment motion. *Khan v. Parsons Global Servs., Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005). "[I]nsufficient time or opportunity to engage in discovery is cause to defer decision on the motion." *Id.* (quotation marks and citation omitted). A party suing under the Privacy Act is entitled to the same discovery permitted under the Federal Rules of Civil Procedure as for any other cause of action. *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987). The D.C. Circuit has previously held in a Privacy Act case that the plaintiff should be afforded a reasonable opportunity to complete discovery before responding to the government's summary judgment motion. *See McCready v. Nicholson*, 465 F.3d 1, 19 (D.C. Cir. 2006) (citing *Khan*, 428 F.3d at 1087). Defendant opposes the Rule 56(f) motion on the ground that no amount of discovery will save York's claim from dismissal. As explained above, however, York has sufficiently pled a claim for violation of the Act. The Court agrees that York should be entitled to obtain discovery to support her claim. Therefore, the Court shall grant York's Rule 56(f) motion for discovery.

Rather than hold in abeyance Defendant's Motion for Summary Judgment pending discovery, the Court shall deny Defendant's motion without prejudice. Defendant may refile its motion after the completion of discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court shall DENY Defendant's [6] Motion to Dismiss, DENY WITHOUT PREJUDICE Defendant's [6] Alternative Motion for Summary Judgment, and GRANT Plaintiff's [11] Motion for Discovery Pursuant to Rule 56(f). The Court shall hold an initial scheduling conference with the parties to discuss how to proceed with discovery. An appropriate Order accompanies this Memorandum Opinion.

Date: March 22, 2010

                                                                                        */s/*
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge